IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SAHIL SAHIL,                          )
                                      )
        Petitioner,                   )
                                      )
v.                                    )
                                      )   Case No. CIV-26-761-SLP
MARKWAYNE MULLIN et al.,              )
                                      )
        Respondents.                  )

**O R D E R**

Petitioner, Sahil Sahil, represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Before the Court is the Report and Recommendation [Doc. No. 10] (R&R) of United States Magistrate Judge Suzanne Mitchell.  The Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed an Objection [Doc. No. 12], to which Petitioner has responded, *see* [Doc. No. 13], and the matter is at issue.  The Court reviews de novo any portion of the R&R to which a specific objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Review of all other issues addressed by the Magistrate Judge are deemed waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R, in part, and GRANTS, in part, the Petition.

## I.      Background

Petitioner, a citizen of India, entered the United States without admission or inspection on August 26, 2023.  Shortly thereafter, Petitioner was placed into removal

proceedings by the Department of Homeland Security.  Petitioner alleges that he was released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226 on October 3, 2023.  On March 25, 2026, Petitioner was transferred to ICE custody after being detained by the Oklahoma Highway Patrol.  Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A).  When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma, where he currently remains.[1]

On April 10, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution.  Petitioner claims that § 1225(b)(2)(A) does not apply to him and that his continued detention without a bond hearing violates his due process rights.  As relief, Petitioner seeks release from custody, or in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.     **Discussion**

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to release Petitioner or, in the alternative, for Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within five (5) business days.

---

[1] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited June 29, 2026).

As to Petitioner's statutory claim, Respondents object that the Magistrate Judge erroneously found that 8 U.S.C. § 1226(a) governs Petitioner's detention rather than 8 U.S.C. § 1225(b)(2)(A).  The Court concurs with the Magistrate Judge's findings and, having thoroughly reviewed the arguments raised in the Objection, rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A).  The Court further adopts the reasoning set forth in *Lopez v. CoreCivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues.  The Court's decision is also in accord with the Sixth Circuit, Eleventh Circuit, and Second Circuit, who have rejected the statutory interpretation of §1225(b)(2) as urged by Respondents.  *See generally Lopez-Campos v. Raycraft*, 175 F.4th 713, (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *see also Castañon-Nova v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).  Accordingly, the Court finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.[2]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED IN PART and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to

---

[2] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his due process claim.

3

8 U.S.C. § 1226(a) within five (5) business days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period. [3]

A separate judgment shall be entered.

IT IS SO ORDERED this 29th day of June, 2026.

_____
SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court acknowledges concerns noted by the Magistrate Judge of "'mounting evidence' that bond hearings in Immigration Court have preordained outcomes." R&R at 12 (citing cases). Respondents should be mindful that a failure to adequately comply with this Court's Order may warrant the granting of further relief to Petitioner. *See, e.g.*, Order, *Claudio Molina-Avila v. Blanche*, No. CIV-26-0478-HE (W.D. Okla. May 12, 2026), ECF No. 27 (finding immediate release warranted where immigration judge did not comply with Court's order directing bond hearing under § 1226).